**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF<br>JUSTICE<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>U.S. DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220<br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street NW<br>Washington, DC 20520<br><br>U.S. DEPARTMENT OF DEFENSE<br>1600 Pentagon 3E788<br>Washington, DC 20330-1600<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>FEDERAL COMMUNICATIONS<br>COMMISSION<br>445 12th Street SW<br>Washington, DC 20554<br><br>and<br><br>CENTERS FOR MEDICARE AND<br>MEDICAID SERVICES<br>7500 Security Boulevard<br>Baltimore, MD 21244<br>*Defendants.* | Case No. 18-cv-2025 |

**COMPLAINT**

1.      Plaintiff American Oversight brings this action against the U.S. Department of Justice, the U.S. Department of the Treasury, the U.S. Department of State, the U.S. Department of Defense, the U.S. Department of Health and Human Services, the Federal Communications Commission, and the Centers for Medicare and Medicaid Services under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research

and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of the records that American Oversight seeks.

7.      Defendant U.S. Department of Treasury (Treasury) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of the records that American Oversight seeks.

8.      Defendant U.S. Department of State (State) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of the records that American Oversight seeks.

9.      Defendant U.S. Department of Defense (DOD) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOD has possession, custody, and control of the records that American Oversight seeks.

10.      Defendant U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an

agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has

possession, custody, and control of the records that American Oversight seeks.

11.     Defendant the Federal Communications Commission (FCC) is an agency of the

federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington,

DC. FCC has possession, custody, and control of the records that American Oversight seeks.

12.     Defendant the Centers for Medicare and Medicaid Services (CMS) is an agency

of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in

Baltimore, MD. CMS has possession, custody, and control of the records that American

Oversight seeks.

## STATEMENT OF FACTS

13.     On May 11, 2018, American Oversight submitted a FOIA request (the

"Cohen/Lewandowski Request") to each of the defendant agencies seeking:

> All records reflecting communications (including emails, email attachments, text
> messages, messages on messaging platforms (such as Slack, GChat or Google
> Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar
> invitations/entries, meeting notices, meeting agendas, informational material,
> draft legislation, talking points, any handwritten or electronic notes taken during
> any oral communications, summaries of any oral communications, or other
> materials) between any political appointee[1] at your agency and any of the
> following:
>
> - Michael Cohen
> - Essential Consultants[2]
> - Corey Lewandowski

---

[1] American Oversight further explained that "Political appointee" should be understood as any person who is a Presidential Appointee with Senate Confirmation (PAS), a Presidential Appointee (PA), a Non-career SES, any Schedule C employees, any career employee detailed to the immediate office of the agency head since January 20, 2017, or any persons hired under Temporary Non-career SES Appointments, Limited Term SES Appointments, Temporary Transitional Schedule C Appointments, or an administratively determined appointment. American Oversight also noted that the search for Essential Consultants should include stemmed variations on the root "consult."

- Jason Osborne
- Mike Rubino
- Barry Bennett
- Turnberry Solutions LLC
- Avenue Strategies (avenuestrategies.com)

For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars—we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how these agency officials allocate their time on agency business.

The search should include the listed individuals and entities both as keyword search terms and as entries in the to/from/cc/bcc fields of emails or calendar entries/invitations.

American Oversight sought all records from January 20, 2017, through the date of the search.

14.     DOJ's Office of Information Policy (OIP) sent American Oversight an email on May 14, 2018 asking which offices American Oversight asked to search. American Oversight replied on the same day asking OIP to search the Office of the Attorney General, the Office of the Deputy Attorney General, and the Office of the Associate Attorney General. Also on May 14, 2018, OIP replied stating that it would process American Oversight's request for those offices. On June 20, 2018, OIP assigned the following tracking numbers to American Oversight's request: DOJ-2018-005000 (AG), DOJ-2018-005544 (DAG), DOJ-2018-00545 (ASG), and DOJ-2018-005546 (OIP). On that same day, OIP also advised American Oversight that it was invoking the ten-day extension for "unusual circumstances" provided by FOIA. As of the date of this complaint, American Oversight has not received further communications from OIP regarding this request.

15.     American Oversight also submitted its request directly to DOJ's Antitrust Division. As of the date of this complaint, the Antitrust Division has not acknowledged American Oversight's request or assigned a tracking number to it.

16.     Treasury assigned American Oversight's request the tracking number 2018-05-112. On May 17, 2018, Treasury sent a letter via email requesting that American Oversight resubmit its request with the names of specific Treasury custodians instead of using "political appointee" as a custodian. Treasury indicated that it would consider the request withdrawn if American Oversight did not submit an amended request by June 28, 2018. On May 17, 2018, American Oversight contested Treasury's assertion that its request was too broad and stated that the request as written provided information about custodians, dates, and subject matter sufficient to allow identification of the records American Oversight seeks. American Oversight further noted that it did not consent to Treasury treating its request as withdrawn and provided a telephone number for Treasury to contact American Oversight to discuss any remaining questions Treasury may have had regarding the request. On May 22, 2018, Treasury sent American Oversight a letter indicating that it had initiated its search and that it was invoking the ten-day extension for "unusual circumstances" provided for by FOIA. As of the date of this complaint, American Oversight has not received further communications from Treasury regarding this request.

17.     State assigned the request the tracking number F-2018-03701. As of the date of this complaint, American Oversight had not received further communications from State regarding this request.

18.     DOD assigned the request the tracking number 18-F-0982. On June 28, 2018, DOD indicated that it would invoke the ten-day extension for "unusual circumstances" provided for by FOIA. On June 21, 2018, DOD contacted American Oversight by telephone to ask whether American Oversight would agree for DOD to limit its search to positions filled by presidential appointment with Senate confirmation ("PAS appointees"). American Oversight

6

agreed that DOD should begin with PAS appointees and that DOD would provide American

Oversight with a list of other political appointees, from which American Oversight could identify

additional custodians to be included in the search. DOD memorialized this conversation and sent

the list of political appointees on June 21, 2018. On August 28, 2018, American Oversight

provided an additional list of custodians for review. As of the date of this complaint, American

Oversight had not received further communications from DOD regarding this request.

19.     HHS assigned the request the tracking number 2018-00985-FOIA-OS. On July 2,

2018, HHS sent an acknowledgement letter to American Oversight. On August 5, 2018, HHS

sent American Oversight a letter asserting that American Oversight's request was too broad and

that HHS required American Oversight to provide full email addresses for individuals outside of

HHS in order for HHS to conduct a search. HHS further indicated that it would close the request

if American Oversight did not reply within 20 business days. On August 13, 2018, American

Oversight replied by email, indicating that email addresses were not necessary for the records

sought to be "reasonably described" and identifying several possible methods for conducting a

search without full email addresses. American Oversight also explained that it did not expect the

request was not overly burdensome, because it focused only on communications with a small

number of people and entities with whom American Oversight did not expect HHS officials to

have frequent cause to communicate. American Oversight further indicated that if HHS had run a

search and found that the volume for review was substantial, American Oversight would be

happy to review information regarding those results and to discuss options to facilitate review.

As of the date of this complaint, American Oversight has received no further communications

from HSS regarding this request.

20.     FCC assigned the request the tracking number FOIA 2018-657. On August 21,

2018, FCC requested clarification on the set of political appointees for whom American

Oversight sought records. American Oversight reiterated the categories of political appointees

identified in its request. As of the date of this complaint, American Oversight has received no

further communications from FCC regarding this request.

21.     CMS assigned the request the control number 051620187009. By letter dated May

21, 2018, CMS requested clarification from American Oversight. CMS's letter indicated that it

would close the request if American Oversight did not reply within 15 business days. However,

this letter was not delivered to American Oversight until July 13, 2018. On July 27, 2018,

American Oversight replied by email, advising CMS of the delay in the letter's delivery and

noting that the request contained information sufficient for CMS to identify records, including

positions occupied (political appointees), a timeframe, and search terms. On July 27, 2018, CMS

replied by email indicating that this message had been uploaded and noted in American

Oversight's case. As of the date of this complaint, American Oversight has received no further

communications from CMS regarding this request.

22.     Also on May 11, 2018, American Oversight submitted a FOIA request (the

"Cohen/AT&T Request") to FCC seeking records related to the request above. Specifically, this

request sought:

> 1)  All records reflecting communications (including emails, email
>     attachments, text messages, messages on messaging platforms (such as
>     Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone
>     call logs, calendar invitations/entries, meeting notices, meeting
>     agendas, informational material, draft legislation, talking points, any
>     handwritten or electronic notes taken during any oral communications,
>     summaries of any oral communications, or other materials) between
>     anyone listed in column A below and anyone listed in column B below.

| Column A | Column B |
|---|---|
| • Chairman Ajit Pai<br>• Chairmain Pai's Chief of Staff Matthew Berry<br>• All staffers who accompanied Chairman Pai on his February 2017 trip to Barcelona, Spain or otherwise assisted in preparing for that trip, including, but not limited to, Thomas Sullivan, Brendan Carr, Rachael Bender and Nicholas Degani and other staffers involved in scheduling and advance planning for the trip<br>• Any other political appointee in the office of Chairman Pai | • Michael Cohen<br>• Any representative of Essential Consultants LLC<br>• Bob Quinn<br>• John Stankey<br>• Randall Stephenson<br>• Any representative of AT&T |

Please be sure to include records reflecting communications generated by any communications device, including phones and laptop computers, provided to FCC personnel on a temporary basis [footnote omitted] for foreign travel.

Please provide all responsive records from January 1, 2017 to March 15, 2017.

2) All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) containing the search terms below. We seek any responsive records for the following custodians: 1) Chairman Ajit Pai; 2) Chairman Pai's Chief of Staff Matthew Berry; and 3) all staffers who accompanied Chairman Pai on his February 2017 trip to Barcelona, Spain or assisted in planning for that trip, including, but not limited to, Thomas Sullivan, Brendan Carr, Rachael Bender and Nicholas Degani and other staffers involved in scheduling and advance planning for the trip.

- Bob
- John

- Randall
- Michael
- Quinn
- Stankey
- Stephenson
- Cohen
- AT&T
- ATT
- "Time Warner"
- TW
- Merge
- Merger
- Neri

Please be sure to include records reflecting communications generated by any communications device, including phones and laptop computers, provided to FCC personnel on a temporary basis for foreign travel.

Please provide all responsive records from February 26, 2017 to February 28, 2017.

23.     FCC assigned this request tracking number FCC-2018-000656. On May 21, 2018, FCC called American Oversight to clarify the scope of the request. On May 30, 2018 FCC asked whether American Oversight would agree to limit the scope of the search to FCC Chairman Pai's office and the FCC International Bureau, thereby excluding lower ranking FCC employees who may have assisted in logistical preparation for Chairman Pai's trip to Barcelona. American Oversight agreed to this narrowing request. On July 18, 2018, an FCC representative called American Oversight to ask if the emails of an FCC employee whose last name matched specified search term could be excluded. American Oversight agreed to such an exclusion. On August 27, 2018, FCC called American Oversight to ask whether the request for two-and-a-half months of records reflecting communications between AT&T representatives and political appointees and specified staff members in Chairman Pai's office could be narrowed. American Oversight did not agree to further narrow this request, but American Oversight expressed its willingness to consider narrowing after a search for the records was conducted. On August 28, 2018, American

Oversight agreed that FCC could reasonably limit part two of the Cohent/AT&T Request to exclude records clearly unrelated to Chairman Pai's communications and meetings with Michael Cohen or AT&T representatives.

*Exhaustion of Administrative Remedies*

24.     As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of any determinations regarding its requests, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

25.     Through Defendants' failures to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Records

26.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

27.     American Oversight properly requested records within the possession, custody, and control of the Defendants.

28.     Defendants are agencies subject to FOIA and must therefore make reasonable efforts to search for requested records.

29.     Defendants have failed to promptly review agency records for the purpose of locating those records which are responsive to American Oversight's requests.

30.     Defendants failures to conduct adequate searches for responsive records violate FOIA.

31.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Records**

32.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

33.     American Oversight properly requested records within the possession, custody, and control of the Defendants.

34.     Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

35.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

36.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

37.     Defendants' failures to provide all non-exempt responsive records violate FOIA.

38.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA

requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

<u>**REQUESTED RELIEF**</u>

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests identified in this Complaint;

(2) Order Defendants to produce, within twenty days of the Court's order, by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: August 29, 2018                           Respectfully submitted,

*/s/ Elizabeth France*
Elizabeth France
D.C. Bar No. 999851
Daniel A. McGrath
D.C. Bar No. 1531723

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-2465
beth.france@americanoversight.org
daniel.mcgrath@americanoversight.org

*Counsel for Plaintiff*